IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

GLENDA WESTERFIELD,

        Plaintiff,                       Civil No. 3-08-cv-65-CRW-TJS

 vs.                                      ORDER DENYING MOTION
                                              FOR SUMMARY JUDGMENT
VETERANS FOR VETERANS'
HOUSING, INC.  and MIKE MELROY

        Defendants.

        On June 12, 2009, the court received arguments of counsel by telephone conference call on defendants' resisted motion for summary judgment in this ADA civil rights lawsuit.  The court denies the motion for summary judgment.

        Summary judgment is appropriate only when a party has demonstrated that it is entitled to judgment as a matter of law, with no genuine issues of material fact remaining for trial.  Fed. R. Civ. P. 56, see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51 (1986); Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).  Once the movant has demonstrated that no genuine factual dispute stands in the way of a judgment entry, the burden shifts to the resisting party to present specific admissible evidence showing a genuine dispute on the issue, precluding judgment.  City of Mount Pleasant v. Associated Elec. Coop., 838 F.2d. 268, 271-72 (8th Cir. 1988).  In deciding summary judgment issues, the court accepts as true all facts documented in the resisting party's papers.

        From January 2007 until defendants terminated her lease in April 2007, Glenda Westerfield resided in an apartment leased from defendant Veterans for Veterans' Housing, Inc. (VVH), a facility managed by defendant Melroy.  She contends Melroy, acting for VVH,

engaged in conduct aimed at preventing her from having a handicapped parking space when he knew she had a movement disability. She contends defendants then terminated her lease at least in part because she sought a handicapped parking space, but also because plaintiff's mother sent Melroy a letter opposing his discriminatory conduct. Accepting as true all plaintiff's documentary evidence, the court finds genuine issues of fact remain for a jury trial on her claims of disability discrimination and retaliation.

Defendants contend they are entitled to the entry of summary judgment in their favor for several reasons. None is a basis for judgment as a matter of law. All depend on fact-bound issues the jury must resolve, regardless how groundless defendants believe plaintiff's case to be.

The circumstances of this case involving handicapped parking spaces are unique. No case cited by defendants entitles them to summary judgment as a matter of legal precedent. For these reasons, and the persuasive reasons set forth in plaintiff's brief in resistance, the court denies defendants' motion for summary judgment.

The court now refers this case to Magistrate Judge Thomas Shields to determine whether a settlement conference should be scheduled and, if so, to schedule a settlement conference with the parties and counsel.

IT IS SO ORDERED.

Dated this 1st day of July, 2009.

CHARLES R. WOLLE, JUDGE
U.S. DISTRICT COURT